Case 22—PETITION ORDINARY—March 22.

# Brumfield v. Union Insurance Co.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

INSURANCE—NOTICE OF ADDITIONAL INSURANCE.—Where an insurance agent accepts the application of the insured with the understanding that he is to *divide* his insurance by taking a policy in another company, this is a waiver of notice of the additional insurance which the

Brumfield v. Union Insurance Co.

policy requires the insured to give, the policy not providing how the notice shall be given, and the property being worth more than the insurance in both companies.

J. M. BIGGER FOR APPELLANT.

A provision in a policy of insurance that the insured shall give the insurer notice of any additional insurance on the property, and that the taking of other insurance without such notice shall forfeit the policy, is waived by notice to the agent at the time of applying for the policy that the insured intends to take out additional insurance in other companies. (Ins. Co. v. Eggleston, 96 U. S., 572; Ins. Co. v. Slaughter, 12 Wall., 404; Phœnix Ins Co. v. Stevenson, 78 Ky.)

HENRY BURNETT FOR APPELLEE.

A provision in a policy of insurance that additional insurance without notice to the insurer shall forfeit the policy is to be rigidly enforced. (Baer v. Phœnix Ins. Co., 4 Bush, 242; Manhattan Ins. Co., 5 Bush, 652; Phœnix Ins. Co. v. Stevenson, 78 Ky.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, G. H. Brumfield, on January 12, 1884, applied to the local agent of the appellee, the Union Insurance Company, for an insurance of eight hundred dollars upon his house in Paducah, Kentucky. It was agreed to, the general adjusting agent of the company being then present. For reasons unnecessary to be stated, the policy was not made out and delivered to the appellant for a couple of days thereafter, but was dated as of the day of the application, and was, therefore, an insurance upon the property for one year from that time. The policy, among many other conditions, provides :

"The assured by the acceptance of this policy hereby covenants and agrees * * * * * * * * to notify the company if, at the making of this insurance, or at any time during its continuance, there shall be any other insurance applying to the property

herein described, or any part thereof, whether the same be valid or not. This policy shall become *void and of no effect* by the failure or neglect. of the assured to comply with its terms, conditions or covenants.''

The appellant had on January 11, 1884, applied to the agent of several other insurance companies for a policy in some one of them for seven hundred dollars, upon the same house. It was also agreed to, but the premium was not paid or the policy delivered to the appellant for several days thereafter, and not until he had received the one issued by the appellee. It is admitted that the property was worth more than the amount of both policies. In this action upon the one issued by the appellee, it seeks to avoid its contract upon the ground of want of notice to it by the appellant of other insurance.

Such a provision as the one above cited is common in policies of fire insurance. It is a reasonable and proper one; and as such has been and should be upheld by the judiciary. Its object is to guard against over-insurance, which tends not only to create indifference upon the part of the insured in caring for his property, but affords inducement to fraud. A prudent risk is never taken to the extent of the full value of the property. The owner is, therefore, interested in its preservation, and likely to be vigilant to avert loss. The interest of the community requires that this should be so, because it is interested in the welfare and responsibility of a business which now so largely protects its enterprise and capital. Public policy, therefore, as well as the proper protection of the un-

derwriter, requires the enforcement of a forfeiture clause like this one. It rests with him, however, to insist upon it. The words "void and of no effect," when so used in a policy, are to be construed as equivalent to *voidable*, or *to be treated as void* by the insurer at his own exclusive option. If this were not so, then the act of one party in violation of the contract would render it void as to both. The insurer may, therefore, by either conduct or agreement, waive his right to exemption from liability upon this account. In this instance the insured claims this was done. He avers : "At the time he applied to the agent of defendant for the policy sued on, he said to said agent that he intended to divide his insurance on this property, and asked defendant's agent for a policy of eight hundred dollars. * * * * * * * Said agent failed to call plaintiff's attention to the clause in said policy in regard to forfeiture by reason of other insurance now relied on." He also says, in substance, that the agent told him in response, it was all right, and that he would make out the policy for him in a few days ; that he did so and delivered it to him ; that he never read the conditions in the policy (which were in fine print), nor did the agent call his attention to them ; and that the latter was familiar with the property and knew its value. Issue was joined upon these matters, and a trial had by a jury.

At the close of the testimony the court, at the instance of the appellee, instructed the jury peremptorily to find for it, and of this the appellant now complains. There is evidence tending to prove notice of the character above stated. It is true the tes-

timony is quite conflicting upon this point. The appellant testifies that he informed the agent at the time of the application that he intended to divide his insurance and keep the property insured in two companies, because he thought it was safer to do so. The agent contradicts this, and is, to some extent, supported by the testimony of the adjusting agent. It is not for us, however, as this record stands, to weigh the evidence, and even intimate, much less determine, its relative strength. If the notice, if given as claimed by the appellant, would have been sufficient in law and productive of a waiver of the right of the company to thereafter insist upon a forfeiture, then, as there was some evidence conducing to show that it was given, the jury should have been allowed to pass upon the question.

The policy does not provide how or when the notice of other insurance shall be given, save it must, of course, be before a loss ; nor does it indicate how specific it shall be. Courts are prompt to seize hold of any circumstance indicating an election to waive a forfeiture, or any agreement to do so upon which the party has relied and acted. Any agreement, declaration or conduct upon the part of an insurance company, which is reasonably calculated to and does create a *bona fide* belief upon the part of the insured that a certain course of action upon his part will not lead to a forfeiture of his contract will, and in reason ought to, estop the company from insisting upon it, although the express letter of the contract may provide for it. The leaning of the courts in such a case is properly to the insured. The great mass of persons with whom

insurance companies deal are, unlike their agents, not familiar with such matters. If A applies to B, an insurance agent, for a policy for a certain sum upon his house, worth more than twice the sum named, informing him at the time that he intends to divide his insurance upon the building and put it in two companies, giving as the reason that he considers it safer to do so, and the agent tells him, in substance, that it is all right, and delivers the policy to him, without calling his attention to the forfeiture clause requiring notice in case of other insurance, most certainly the company should not be allowed, after a loss, to insist upon a forfeiture because the insured did exactly what he told the agent he was about to do when the insurance was effected, and which the agent, by his conduct, then informed him he could do. (Insurance Co. v. Eggleston, 96 U. S., 572.) In this instance the insurance applied for was, as the agent knew, less than half the value of the property. A prudent owner would be apt to place other insurance upon it. The agent might well have so inferred; but he was expressly informed of such intention, the reason therefor being given. The appellant appears to have acted in good faith. He says he did not inform the appellee's agent in what particular company other insurance would be taken, because he did not then know where the other agent, to whom the other application had been made, would place it among his companies.

Here the notice of other insurance did not, by the terms of the policy, have to be given or appear in any particular way. The waiver of the right to forfeit the policy by reason of it did not have to be indorsed

upon the policy, as was the case in Baer v. The Phœ-
nix Ins. Company, 4 Bush, 242, and Stevenson against
the same company, 78 Ky., 150.    It is urged, however,
that by the terms of the contract the notice was not
to be given until other insurance had, in fact, been
effected.    The object in requiring the notice is, that the
insurer may act thereon, and determine whether he
will cancel his contract on account of the taking of
other insurance.    If, however, when the contract is
made he is informed that the insurance is to be divided
with another company, and he assents to this either by
agreement or conduct, why the need of subsequent no-
tice?   He has already acquiesced in advance instead
of waiting for the act to be done, and then acquiescing
in it.    The purpose of the insured is declared and
known to the insurer when he takes the risk.    He
acquiesces in it when the contract is made, and by his
conduct says to the other party to it that there shall
be no forfeiture by reason of its execution.    If, in such
a case, he may, after a loss has occurred, still insist
upon a forfeiture, then he is given an undue advantage
and an opportunity for imposition upon the innocent
and uninformed, who have been lulled into security by
his own conduct.

· According to the appellant's testimony the agent of
the appellee knew that the insured intended to divide
his insurance by taking out another policy in another
company, and accepted his application with this un-
derstanding.    The value of the property was known,
and the amount of the additional risk was fixed.    The
entire insurance was to be *divided* between the two
companies ; and it appears that the second policy did

not, in fact, equal the first. If all this be true, then the appellee waived its right to forfeit the contract by reason of the additional insurance.

The question should have been submitted to the jury, under proper instructions, and the judgment is reversed, and cause remanded for a new trial in conformity to this opinion.