## Wilson v. Germania Fire Insurance Co.

(Decided November 17, 1910.)

### Appeal from Bourbon Circuit Court.

1. Fire Insurance—Representation of Insured as to Ownership of Property—Knowledge of Agent of Insurer.—If, in seeking to recover on a fire policy on a house which was burned, the insured was without title to the property, the statement or representation in the policy that she was the owner thereof, however honestly made, was untrue, and under the provision of the policy, operated to invalidate it, unless as alleged by her, the agent of the company who issued the policy was fully advised of her want of title, and with such knowledge delivered to her the policy, in which event she would be entitled to recover on the policy to the extent of such insurable interest, if any, as she may have in the property.

2. Same—Statutory Provisions—Sale of Property for Taxes.—Under the Statutes, the title to property purchased by the State for a tax, upon the failure of the owner to redeem it by paying the

tax for which it was sold, with the added interest, penalty, and costs of sale within two years from the date of sale vested in the State absolutely, and while as further provided by the Statutes, the State may be divested of the title thus acquired, it can be done only by a sale of the property through a revenue agent of the State Auditor's appointment, and a deed from the Auditor to the purchaser.

MORGAN & DARRAGH for appellant.

TALBOTT & WHITNEY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

By this action appellant sought to recover $700 upon a policy of insurance issued to her by appellee in 1903, upon two houses in the city of Paris; one of them being insured for $400 and the other for $300. The two houses were destroyed by fire a year later.

The policy contains the following provision: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss."

Appellee resisted a recovery on the policy upon the ground that the title to the property insured was not in the appellant as represented by her to its agent and stated in the policy. To which appellant replied that the character of her title or want of title to the property was known to appellee through its agent at the time of its issual and delivery to her of the policy by the latter and that appellee was thereby estopped from denying her title. Other issues were made by the pleadings, but consideration of them will be unnecessary.

If appellant was without title to the property, the statement or representation in the policy that she was the owner thereof, however honestly made, was untrue, and under the clause of the policy quoted above operated to invalidate it, unless as alleged by her, appellee's agent was fully advised of her want of title and with such knowledge delivered to her the policy, in which event she would be entitled to recover on the policy to the extent

of such insurable interest, if any, as she may have in the property.

Appellant's evidence shows that the property in question was owned by her father and that it was sold in 1901, for a tax of $4.32 due upon it from her father for the year 1900 and bought by the sheriff for the State and Bourbon county; that before the expiration of two years from the date of the sale of the property appellant attempted to redeem it by paying to the county attorney of Bourbon county the tax for the year 1900, together with the cost of sale, interest and penalty; that at the time of such payment she received from that officer an attempted transfer of the bid and claim of the county and State for and upon the property acquired by virtue of the tax sale referred to, and later obtained of the sheriff a deed purporting to convey her the property; the deed containing a recital of the foregoing facts and the additional fact that appellant's father, the owner of the property, had allowed two years from the date of the sale to expire without redeeming it.

Though not alleged in her pleadings it was testified by appellant that her father consented to her redemption of the property and the execution to her of the sheriff's deed, but the latter and his son testified that he accepted appellant's volunteered offer to redeem it, but did not consent to its conveyance to her by the sheriff, and that her offer to redeem it was agreed to by the father upon the condition that she should be reimbursed for the amount paid in redeeming it out of the rent of the property, which was done; but that when possession of the property was demanded of her she refused to surrender it and wrongfully continued to hold it. But waiving this feature of the case, it is evident that the circuit court was not in error in holding that the deed from the sheriff did not pass to her the title to the property it purported to convey. Under the statutes of this State, then in force, neither the sheriff nor county attorney had the authority to allow appellant, who was not the owner of the property, to redeem it from the State and county, purchasers at the sale, without the request in writing of the owner, her father, to permit her to do so. The right of redemption was in the father alone and had to be exercised by him or by one to whom he, in writing, assigned such right of redemption, and it is not claimed by appellant that it was assigned to her. Consequently, the assignment by the county attorney to appellant of the

State's and county's purchase of the property under the tax sale and deed made her by the sheriff passed to her no title to the property.

Under the statute the title to property purchased by the State for a tax, upon the failure of the owner to redeem it by paying the tax for which it was sold with the added interest, penalty and costs of sale, within two years from the date of sale, vested in the state absolutely, and while, as further provided by the statute, the State may be divested of the title thus acquired, it can be done only by a sale of the property through a revenue agent of the State Auditor's appointment and a deed from the auditor. But in the case at bar, when appellant within the two years paid the State and county the tax for which the property was sold, the title thereto never vested in the State, but remained in the owner, her brother.

It is patent, therefore, that appellant did not acquire the title to the real estate in question by the deed she received from the sheriff of Bourbon county, and that the title is still in her brother. She has, however, by virtue of her payment to the State and county of the tax claimed for which the property was sold, a lien upon it under the statute for the amount of the tax claim so paid by her, which she might have enforced by suit and a sale of the property. This lien she held at the time of making the contract of insurance with appellee and may be said to have then had, by virtue of such lien and to the amount thereof, an insurable interest in the property which was covered and is protected by the policy she received from appellee.

The fact that appellee's agent was advised, or had at hand the means of knowing, of appellant's want of title at the time the contract of insurance was effected, is, we think, reasonably apparent from the evidence. She testified that she showed him the deed from the sheriff under which she claimed title; this he denied in the deposition he gave in her behalf, but admitted that she exhibited to him a receipt for tax she claimed to have paid on the property. Whether the payment evidenced by the receipt was for the money with which she parted in the attempt to redeem the property or for a tax subsequently assessed against it, the agent did not attempt to explain. It is evident, however, both from his deposition and her testimony, that the deed she had received

from the sheriff was on record in the county clerk's office where it might have been read by the agent, and if himself so unskilled in legal matters as to have been unable to thereby discover her want of title, he might at least have had it examined by an attorney whose discovery of such want of title would have been made known to him.

It is further evident from the testimony of appellant and the agent that she in good faith believed she had title to the property; that she did not intentionally or fraudulently make any false statements to the agent as to the character of her title, and that he did not claim to have been misled by any statement in respect thereto made by her. It must not be overlooked that she is an ignorant negro woman and unable to tell the difference between a fee simple title and a lien. The agent being eager to insure the property found her in possession of it and inspected it, and being satisfied, doubtless, wit the mere statement that she owned the property, made the contract of insurance with her, received the premium and delivered the policy, thereby closing the transaction, without taking the trouble to ascertain whether her representations, ignorantly made, as to her title were true or false, although an investigation on his part would have let to the discovery that her statements as to the title were untrue.

We think the facts presented by the record warrant the application of the principle announced by this court in Hartford Insurance Co. v. Haas, &c., 87 Ky. 531. In that case Mrs. Haas who was an illiterate German widow obtained a policy of insurance upon a house in which she owned but a dower interest and her children the fee; the policy contained a statement, purporting to have been made by her that she owned the property in fee simple, and likewise a provision declaring that it should be void if the insured was not the owner of the property in fee simple. It appeared that the agent of the insurance company, who had, as did the agent in this case, the power to effect insurance without consulting the home office, knew, or had the means of knowing, all about the nature and extent of the insured's title. The property was destroyed by fire and in the action brought upon the policy by Mrs. Haas for the loss sustained ,it was held that the dower interest which she had in the property was secured by the policy; and also, that as she had relieved the property from the lien of a purchase money

note out of her own means, she had an insurable interest to the extent of such payments, in addition to her dower interest, and the fact that her children might have defeated recovery thereof by her, by reason of the lapse of time, was not in the way of her recovery against the insurance company, although it had pleaded limitation as to that part of her claim.

The alleged knowledge of appellant's want of title on the part of appellee's agent pleaded by way of estoppel, cannot be relied on to compel the payment by appellee of the entire loss, or face of the policy, for to so hold would give no effect whatever to that provision of the policy which declares that it "shall be void * * * if the interest of the insured in the property be not truly stated herein," and to allow appellant to recover for the loss of property which she did not own. She is, however, protected by the estoppel to the extent of her insurable interest which is secured by the policy. That interest is correctly set forth by the single instruction given by the trial court to the jury which, in substance, told them that the tax deed relied on by appellant did not in law give her any greater interest in the insured property than a lien thereon for all money paid by her on account of taxes (including what she paid the State and county for the supposed redemption of the property) against the property and for the reasonable value of such improvements as she put thereon and were necessary to its preservation, prior to the destruction of the property by fire, amounting altogether to $38.25, and this sum, fixed by appellant's own testimony, the jury were directed to and did find for her with interest from the date of the tax deed, viz., February 19th, 1903.

No error of consequence appearing in the record, the judgment is affirmed. The whole court sitting.