# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## FALL TERM, 1917.

### Germania Fire Insurance Company v. Nickell and Webster.

(Decided November 23, 1917.)

### Appeal from Rowan Circuit Court.

1. Insurance—Fire Insurance—Proofs of Loss.—The insured must furnish proof of loss by fire within the time fixed in the policy of insurance, unless unavoidably delayed or the delay was acquiesced in by the insurer.

2. Insurance—Fire Insurance—Proofs of Loss—Notice.—Where the fire occurred on December 17th, and the insured, on December 29th, sent a registered letter to the insurance company, notifying it of the loss, and on February 4th, following, prepared and presented proof of loss, as required by the policy, this was a sufficient compliance with the requirements of the contract, to give notice of the fire within fifteen days, and furnish proof within sixty days after the loss.

3. Insurance—Fire Insurance—Lien Upon Property—Recovery.—Where the insurance agent writing the policy knew of the existence of a purchase money lien upon a house and lot, and the insured reminded him of the fact before the insurance was written, but notwithstanding this information and without further representations on the part of the insured, the policy was issued and delivered, the company will not be permitted to defeat a recovery on the contract after the loss under a clause providing that, if the interest of the assured be other than unconditional or sole ownership, then in each and every one of the above cases, this entire policy shall be null and void.

4. Insurance—Insurable Interest.—The holder of the legal title has an insurable interest in the property although another person holds a purchase money lien upon the same.

5.  Insurance—Issue of Policy Without Application—If an insurance company elects to issue a policy without an application, or representation concerning title, it cannot after loss complain that the insured's interest was not correctly stated in the policy, or that an existing encumbrance was not disclosed.

6.  Insurance—Extent of Recovery.—Where the property insured was totally destroyed by fire and the interest of the insured therein amounts to more than the face of the policy, he was entitled to recover the full amount of the policy notwithstanding another holds a purchase money lien upon the property.

DANIEL LOONE CAUDILL for appellants.

E. HOGG, JAMES CLAY and W. D. PROCTOR for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The Germania Fire Insurance Company issued to G. C. Nickell, of Morehead, Kentucky, a policy of fire insurance for one thousand ($1,000.00) dollars upon his residence in said town. The contract was for a term of three years, from January 5, 1912. On December 17, 1914, the house was totally destroyed by fire. Dr. Nickell wrote the company on December 29th, notifying them of the loss, and on February 4, 1915, presented them with proof of loss, as required by the policy, but the company declined to pay the claim, or any part of it, alleging:

1st: That the insured failed to present proof of loss within the time required by the terms of the policy.

2nd: That in obtaining the insurance, as well as in presenting proof of loss, the insured was guilty of fraud and false swearing.

3rd: That Dr. Nickell, the insured, was not the sole and unconditional owner of the property insured, but the same was encumbered by vendor's lien, whereas, the insured represented, both before and after the issual of the policy, and even since the fire, that he was the sole and unconditional owner thereof, the contract providing that in case of such misrepresentations it should become void.

4th: The judgment, one thousand dollars, rendered by the circuit court is excessive because the insurable interest of Dr. Nickell was much less than that sum; and

5th: That Mrs. N. E. Webster, who is plaintiff in the action, is not entitled to recovery on the assignment of the policy to her.

By the policy it is provided:

"In event of loss the assured shall within fifteen days give notice in writing to this company . . . and shall within sixty days after the loss render a statement to this company signed and sworn to by the assured, stating the interest of the assured and of all others in the property. . . . This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto."

The fire occurred December 16th, 1914, and on December 29th, following, Dr. Nickell wrote the following letter:

"Morehead, Ky., December 29th, 1914.
"Germania Fire Insurance Company of New York,
        "New York, N. Y.
"Gentlemen:—

"This is to notify you, according to the requirements of your policy, that on the 17th day of December, 1914, between the hours of three and four o'clock p. m. (estimated) there occurred a fire which destroyed my residence, being a shingle roof frame dwelling house, and situated on the west side of Main street, in the city of Morehead, Kentucky, which was insured under your policy No. D. 1045, issued at your Morehead, Kentucky, agency, on the 5th day of January, 1912, and being a three years' policy, expiring on the 5th day of January, 1915.

"This policy was issued by your Morehead, Ky., agent, J. H. Powers, and was for and in the sum of $1,000.00 on the above described dwelling house belonging to me, and which house was totally destroyed by fire on the above date, and this is to notify you that I claim $1,000.00 loss under the above described policy from your company.

"I now owe Mrs. N. E. Webster a purchase money lien on this property, in excess of $1,000.00, and in my deed from her I agreed to keep this house insured against loss by fire, and same to be payable to her in case of loss as her interest might appear, and I now direct that you pay same to her (Mrs. N. E. Webster) on her equitable interest in this property, as shown in her deed, dated December 31st, 1907, and recorded in Deed Book No. 14, at page 56, Rowan county records for deeds, wherein she conveyed the house herein mentioned to me.

"Yours very truly,
        "G. C. Nickell."

On February 4th, 1915, Dr. Nickell sent the company the proof of loss, specified in the policy. Both the letter and proof of loss were sent by registered mail and the insured received receipt showing that the letter and proof had reached the company. The insurance company had a local agent, J. H. Powers, at Morehead, Kentucky, who knew the property, and the facts about the fire, and sent a telegram and letter to the company in a day or two thereafter, giving notice of the loss. While the policy of insurance specifies that no cause of action shall lie against the company on account of the policy of insurance until the notice, required by the terms thereof, is given, yet these provisions cannot be relied upon to defeat a recovery on the contract of insurance altogether. Furthermore, it is unnecessary here to discuss this proposition, because in this case proof of loss was actually made in the time required by the contract of insurance.

Appellant urges that the court committed error in sustaining the motion to strike the second paragraph of its answer. As this paragraph relates to the failure of the insured to present proof of loss, and these allegations were wholly unsupported by the evidence, it was immaterial that the paragraph was stricken, especially when the same matter was in substance contained in the first paragraph of the answer, which was not stricken.

Appellant insists that Dr. Nickell, in presenting his proof of loss, was guilty of false swearing, and under the terms of the policy, which read: "This entire policy shall be void if the assured has concealed or misrepresented, in writing or otherwise, any material facts or circumstances concerning this insurance or the subject thereof; or if the interest of the assured in the property be not truly stated herein; or in case of any fraud or false swearing by the assured, touching any matters relating to this insurance or the subject thereof; whether before or after the loss," his recovery is precluded. This would be true in cases of fraud or false swearing wherein the insurance company is misled to its hurt. In this case, however, there was in fact no false swearing, and the company was not misled by what took place. It is true, that in making out the statement of loss one of the blanks was not filled in showing that Mrs. Webster had a lien upon the house destroyed by fire. One copy, however, contained this statement. These statements were made up by attorneys for Dr. Nickell, and the one which he examined contained the statement relative to

the lien of Mrs. Webster. The statement was omitted from the other paper by oversight. From the testimony we learn, however, that the company received from Dr. Nickell, as well as from other sources, information concerning the lien of Mrs. Webster both before and after the issual of the insurance policy, and even after the loss. It was, therefore, not misled or deceived, and cannot take advantage of the terms of the policy above stated.

By another paragraph of the policy of insurance it is provided, "That if the interest of the assured be other than unconditional or sole ownership, then in each and every one of the above cases this entire policy shall be null and void unless otherwise provided by agreement indorsed thereon." Dr. Nickell purchased this property from Mrs. Webster, paying only part of the consideration, and she retaining a lien upon the property for the balance of the unpaid purchase money. At the time of the fire she had a lien upon the property for nine hundred ($900.00) dollars, with interest. The deed executed to Dr. Nickell contained the lien and was recorded in the office of the clerk of the Rowan county court. It was a part of the agreement between Mrs. Webster and Dr. Nickell at the time of the transfer of the property that Dr. Nickell should keep it insured to the full amount of his indebtedness to Mrs. Webster, and he was doing that through a fire insurance agent at Mt. Sterling, when Mr. Powers, the agent of appellant, approached Dr. Nickell and requested the privilege of insuring his property in the place of the agent at Mt. Sterling. Thereupon Dr. Nickell informed Mr. Powers, the agent of appellant, that he had to carry nine hundred ($900.00) dollars of insurance on his property because he was indebted in that sum to Mrs. Webster, who held a purchase money lien thereon, and that the deed showing this was of record in the office of the clerk of the Rowan circuit court. With this knowledge and without making any further inquiry and without any further representation whatever on the part of Dr. Nickell, the policy of insurance was issued by appellant, through its agent, upon the property. In a case where the facts are almost identical with those just stated this court held:

"The failure of the appellant for fire insurance to state the existence of a lien upon the property sought to be insured will not, if no inquiries were made as to the matter, invalidate the policy, unless the facts were intentionally and fraudulently concealed. And this is true al-

though the policy provides that it shall be void if the insured it not the sole, absolute, unconditional owner." Fireman's Fund Ins. Co. v. Meschendorf, &c., 14th K. L. A. 757.

To like effect is the case of Wilson v. The Germania Fire Insurance Company, 140 Ky. 643. It also has been held that "If an insurance company elects to issue a policy without an application, or any representation concerning title, it cannot, after loss, complain that the insured's interest was not correctly stated in the policy if an existing incumbrance was not disclosed." 27 L. R. A. 614. So, also, "Where a deed reserves a vendor's lien or the vendor is entitled thereto by law, the grantee must be considered the sole and unconditional owner of the premises," within the meaning of the fire insurance policy. 14 Ruling Case Law, section 233.

Manifestly, Dr. Nickell had an insurable interest in this property, and since he did not make any written application for insurance nor voluntarily make representations concerning his ownership, except to inform the agent that Mrs. Webster had a lien upon the property, he cannot be held to have acted in bad faith, or to be guilty of fraud or false swearing within the meaning of the terms of the policy of insurance. The property was worth something like two thousand ($2,000.00) dollars. The interest of Dr. Nickell was equal to one-half of this sum since he owed only nine hundred ($900.00) dollars and interest. While Mrs. Webster retained a lien upon the property a loss by fire would not relieve Dr. Nickell of his indebtedness to her, but would only work a hardship and entail a loss upon him. Such an interest this court has repeatedly held is insurable. In the case of Hartford Fire Insurance Company v. McLane, 85 S. W. 699, it is said: "Whoever has such title that, if the property were lost without insurance, the loss would fall upon him, has an insurable interest. . . . So, if one insured has any interest that would be injured if the peril insured against should happen, his contract of insurance is a valid one. . . . If the insured has pecuniary interest in the thing insured equal or greater than the insurance, it cannot be material to the risk that somebody else has some interest in the property, or that the insured does not own the absolute and unconditional title." Germania Insurance Company v. Rudnige, 80 Ky. 234.

Appellant cites many authorities supporting its contention that an insured cannot recover upon a policy

where he is not the sole and unconditional owner of the property, but these authorities are all from foreign jurisdictions, and in some instances affected by statutes. The rule in this state, established by a long line of cases, holds to the contrary doctrine.

The property was a total loss; the face of the policy is one thousand ($1,000.00) dollars. Under section 700 Kentucky Statutes, it is provided that "Insurance companies that take fire or storm risks on real property in this Commonwealth shall, on all policies issued after this act takes effect (in case of total loss thereof by fire or storm), be liable for the full estimated value of the property insured, as the value thereof is fixed in the face of the policy; and in case of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the party insured; Provided, That the estimated value of the property insured may be diminished to the extent of any depreciation in the value of the property occurring between the dates of the policy and the loss: And provided, further, That the insured shall be liable for any fraud he may practice in fixing the value of the property, if the company be misled thereby."

Construing the foregoing section, this court, in the case of Sachs v. L. & L. Fire Insurance Co., held:

"It seems to us that the manifest meaning and intent of section 700, Kentucky Statutes, supra, was to require the insurer to pay the full amount of the insurance upon which it collected the premium, and that expression in the statute which in cases of a partial loss required the insurer to pay an amount not exceeding the actual loss was inserted for the benefit of the insurer, and was not intended to lessen the liability already embraced in the first part of the section."

See also Hartford Fire Insurance Company v. Henderson Brewing Company, 168 Kentucky, 715. It follows, therefore, that as the property was a total loss, the appellee was entitled to recover its full value as fixed in the face of the policy. This, however, works no hardship on the company in this case, because the loss was much greater than the amount recovered.

Judgment affirmed.