### Queen Insurance Company of America v. Cummins.

(Decided December 19, 1924.)

## Appeal from Perry Circuit Court.

1.    Insurance—Materiality of Matter Concealed from Insurer Usually for Jury.—As respects right of insurer, which made no inquiries to avoid liability on fire policy for insured's concealment of material facts, materiality of matter concealed is generally question for jury.

2.    Insurance—Fire Policy Not Forfeited for Concealment, Unless Matter Fraudulently Concealed.—Fire policy will not be forfeited for concealment, where insurer makes no inquiry, unless concealed matter was fraudulently concealed.

3. Insurance—Insured's Concealment of Mortgage Held Fraudulent.—Where insured disclosed to insurer one of mortgages on premises, but not other, and failed to notify it of mechanic's lien subsequently filed, insured knew that disclosure was important, and his concealment was fraudulent.

T. E. MOORE, JR., H. H. HUFFAKER and ROGER T. MOORE, for appellant.

BAILEY P. WOOTTON and WOOTTON, SMITH & WOOTTON for appellee

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

A demurer was sustained to the answer of the appellant in the trial court, and judgment rendered against it for $5,000.00.

On October 11, 1921, appellant issued a policy of fire insurance to Ira Cummins by which it insured his house for $3,500.00 and the contents thereof for $1,500.00, for twelve months, and a short time before the expiration thereof, the property was destroyed by fire. At the time the policy was issued, this property was under mortgage to J. B. Eversole for more than $2,000.00, this mortgage having been given by J. K. P. Turner, who sold the property to Ira Cummins. It was also under mortgage to the Hazard Bank & Trust Co. for $1,200.00, but there is nothing in the record to show whether this mortgage was upon the property when Cummins bought it or was placed thereon by him, neither is there anything to show that one of these mortgages was superior to the other.

After the purchase of the property, Cummins employed T. D. Draughn to do certain work thereon. On account of this work Draughn filed a mechanic's lien on September 22, 1922, in the Perry county court clerk's office for $575.11, credited by $150.00. After the fire Draughn began this action by filing suit against Cummins, the Hazard Bank & Trust Co. and the appellant. He asserted his mechanic's lien for $425.11, and asked that appellant be required to pay that sum to him. He took an order of attachment which was served on appellant. Cummins and the bank filed a joint answer and cross action against appellant, putting Draughn's claim in issue and without disclosing what was due on the bank's mortgage, asked judgment against appellant for $5,000.00.

In its answer appellant admitted execution of policy sued on, but denied liability thereon. It charged that Cummins at the time he procured the policy concealed from appellant the $2,000.00 mortgage to Eversole, and failed to notify appellant of Draughn's mechanic's lien thereon, and that Cummins did not have an insurable interest of $5,000.00 in the property. It says that but for this concealment of these things by Cummins, it would not have insured the property for the full sum of $5,-000.00 at the time it was so insured. Its answer contains this:

"This defendant says that the policy of insurance upon which the defendant, Ira Cummins, and Hazard Bank & Trust Co. are now suing, contained certain covenants and agreements that said policy should be void if the insured had concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated in same; and it was further agreed in said policy between this defendant and the said Cummins that the said Cummins would notify promptly this defendant of any changes in title, liens or interest on said property; and says that this defendant when it insured said property as aforesaid, had no knowledge of the lien above set out, held by J. B. Eversole, and did not discover said lien aforesaid until after this house was destroyed by fire, and that the defendant Ira Cummins did have knowledge or notice of said lien at the time he procured the policy of insurance from this defendant, and had such knowledge or notice thereof during the life of the policy; that he concealed said material fact from this defendant; and that he had knowledge and notice of the mechanic's lien asserted by the plaintiff in this action, and that he never notified this defendant of the existence of, said lien, and this defendant did not know of its existence until after said property was destroyed by fire."

In an amendment to its answer appellant says:

"That it reaffirms and makes part of this answer all the allegations set out in the original answer and in addition thereto, says that Ira Cummins at

the time he obtained the insurance policy sued on, failed to state his true insurance interest in said property, by concealing from this defendant the mortgage lien set out in its original answer herein; and the said Ira Cummins at said time did not have an insurable interest in said property amounting to $5,000.00, which fact was a material fact, and which was concealed from this defendant, as set out in the original answer, and but for concealment of said fact, this defendant would not have insured the said property for the full sum of $5,000.00 at the time it was so insured.''

There does not appear to have been a written application for this insurance, nor is there anything in the pleadings to show that Cummins was asked about the liens on this property. As this case was heard upon demurrer, it must be taken as true that when this policy was written, there was on this property a $2,000.00 mortgage to Eversole and a $1,200.00 mortgage to the bank, and that later, there was placed on it a mechanic's lien to Draughn for $425.11; that Cummins knew of the Eversole mortgage and concelaed it when the policy was written, and knew of Draughn's $425.11 lien when made and concealed that. The answer does not in words say this was fraudulently concealed, and the question for decision is, what was the result of the concealment of these lines?

In Niagara Fire Ins. Co. v. Lane, 162 Ky. 665, 172 S. W. 1090, this court said:

"Where no inquiry is made and answered concerning incumbrances, and no voluntary statement in regard thereto is made by the applicant for insurance, an avoidance of the policy will not be declared unless the insured has fraudulently failed to disclose the incumbrance, and it was material to the risk; failure to disclose the existence of an incumbrance material to the risk is fraudulent when the insured has knowledge of the incumbrance, and the facts are such that an ordinarily prudent person would have known that the existence of the incumbrance was material to the risk; an incumbrance, or other fact, is material to the risk when, with a knowledge of the truth, an insurer, acting according to the usual practice or custom among insurance companies, would not have issued the policy; materiality is generally a question for the jury."

From that opinion we learn that generally the materiality of the matter concealed is a question for the jury and that an insurance policy will not be forfeited for concealment unless the concealed matter pleaded in avoidance was fraudulently concealed. Cummins knew it was important that liens be disclosed else why did he disclose to the insurer the lien to the Hazard Bank & Trust Co.? If he knew this was important, and he concealed it, then it was fraudulently concealed. Any person of ordinary prudence would know that a house and lot with liens of $3,200.00 against it was not a good insurance risk for $3,500.00. In French v. Del. Ins. Co., 167 Ky. 176, 180 S. W. 85, this court said:

> "As said by this court in the case of Hartford Ins. Co. v. Hass, 87 Ky. 531, 9 S. W. 720: 'The importance of disclosing the nature of the interest of the assured in the subject matter insured cannot be overlooked.' And as said by Cooley on Insurance, p. 1370: 'The insured's interest must be of such nature that he would sustain the whole loss if the property is destroyed.' "

If the insured is not the man who must sustain the entire loss, he should so advise the insurer, and if after he does so the insurer is still willing to take a chance, that is a different matter.

Appellee cites the case of Germania Fire Ins. Co. v. Nickell, et al., 178 Ky. 1, 198 S. W. 534, and relies thereon. The identical language quoted from the Nickell policy is found in this policy. In that case it was claimed that Dr. Nickell had concealed a lien of $1,000.00 due Mrs. Webster, but this matter quoted from that opinion distinguishes it from this case:

> "Manifestly Dr. Nickell had an insurable interest in this property, and since he did not make any written application for insurance nor voluntarily make representations concerning his ownership, except to inform the agent that Mrs. Webster had a lien upon the property, he cannot be held to have acted in bad faith, or to be guilty of fraud or false swearing, within the meaning of the terms of the policy of insurance."

The case of Wilson v. Germania Fire Ins. Co., 140 Ky. 642, 131 S. W. 785, is not in point as will be seen from this language used in that opinion:

"The fact that appellee's agent was advised or had at hand the means of knowing of appellant's want of title at the time the contract of insurance was effected is, we think, reasonably apparent from the evidence. She testified that she showed him the deed from the sheriff under which she claimed title."

The case of Fireman's Fund Ins. Co. v. Meschendorf, 14 Ky. Law Rep. 757, is more nearly in point, but this taken from that opinion distinguishes it from this case:

"The property insured for $1,500.00 was worth $2,200.00. The lien upon it was for only $400.00 and in the very nature of things could not have increased the risk. Again, no inquiry was made of the assured as to the condition of the title. He made no application, written or verbal."

When a man takes insurance he is asking some one else to take a risk he is unwilling to carry himself, and common honesty requires that he give to the insurer all the information he has regarding the risk.

In Southern California Insurance Co. v. Lucas, 15 Ky. Law Rep. 574, it was said:

"An applicant for fire insurance, whether inquiry was made of him or not, was bound to communicate all facts known to him and by him believed to be material, and his failure to do so must be regarded as a concealment; and it is to be presumed that he knew and believed what men of ordinary intelligence know and believe."

This was quoted and approved in the case of Niagara Fire Ins. Co. v. Layne, 162 Ky. 665, 172 S. W. 1090.

The judgment is reversed, and cause remanded with directions to overrule the demurrer to the answer, and for further proceedings consistent herewith.