**HARTFORD FIRE INS. CO. v. JONES et al.**

(Circuit Court of Appeals, Sixth Circuit. November 3, 1926.)

No. 4603.

**1. Insurance ⬤═283(5).**

Fire policy for single premium and single amount on group of personal property, one portion of which was mortgaged, *held* inseparable, as affected by clause forbidding mortgage, and defense, if good as to mortgaged lot, is good as to all.

**2. Insurance ⬤═668(5).**

Materiality under Ky. St. § 639, of breach of condition by mortgage on part of personalty insured *held* not involved in action on policy, and its submission to jury was error.

**3. Courts ⬤═372(6).**

Insurer is not estopped in federal court to set up defense that personal property was mortgaged because of agent's knowledge thereof, notwithstanding Ky. St. § 633; state law not being controlling on matter of general jurisprudence.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by J. S. Jones and another against the Hartford Fire Insurance Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Hite H. Huffaker, of Louisville, Ky. (Tye & Siler, of Williamsburg, Ky., on the brief), for plaintiff in error.

I. N. Steely, of Williamsburg, Ky. (Stephens & Steely, of Williamsburg, Ky., and Lewis, Begley & Lewis, of London, Ky., on the brief), for defendants in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

15 F.(2d)—1

DENISON, Circuit Judge. The insurance company, the defendant below, issued to the plaintiffs below a fire insurance policy, covering the furniture and fittings in plaintiffs' hotel. In this suit, brought to recover a loss thereon, it developed that the insured property comprised two lots of furniture; one lot had been purchased by the second predecessors of the insured in this hotel business for $2,300, and was incumbered by a title contract, equivalent to a purchase-money chattel mortgage, upon which $1,600 was still unpaid, and which the insured had assumed and agreed to pay. The other lot had been purchased by the immediate predecessor of the insured, and added to the outfit, and was unincumbered. From the judgment against it, the insurance company seeks relief for three reasons:

First, it is urged that the property was represented by the insured to be worth $6,000, while in fact it was worth $4,000 only. There was no written application, and the record contains no evidence of any such oral representation, even if it might be thought to be so material or fraudulent as to escape the force of the Kentucky statute (section 639, Ky. Stats.), which says that a misrepresentation in the application shall not avoid the policy unless it was material or fraudulent.

It is next urged that, by not disclosing the existence of the incumbrance, the insured concealed a material fact, and thereby the policy became void. If the mere nondisclosure of the incumbrance, lacking any inquiry on the subject, could ever be called a concealment, the point is immaterial here, because the policy makes on this subject the explicit provision which we next take up for consideration, and which would merge and

supersede any uncertain inference on the subject of concealment.

This brings us to the third defense, the really important one. The policy contained the usual clause that "the entire policy, unless otherwise provided by agreement indorsed herein and added hereto, shall be void * * * if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage." The fact clearly is that a part of this property was at the date of the policy incumbered by a chattel mortgage, and the effect of an incumbrance upon a part, as distinguished from an incumbrance upon the whole, is first to be considered.

[1] The policy was for a single amount, upon a group of property, described in one assembly, and for a single premium. It must be held nonseparable. See cases cited in R. C. L. vol. 14, p. 940. If the divisibility of the premium presented the only problem, that might perhaps be overcome by arithmetic, since the rate of premium would naturally be the same upon both lots of property, and the premium might be apportioned; but it is quite clear that the increased risk contemplated by this breach-condition affected both lots. If the fact that part of the goods were covered by mortgage for the greater part of their purchase price indicates, as seems to be the theory of the law, that the insured would take less care to prevent a loss, and so increases the hazard, the same considerations must apply to the unincumbered lot, mingled with the other in the same building, and naturally subject to the same risks. It follows that, if this defense is good as to the mortgaged lot, it is good as to the other.

[2] It developed that, according to the values of the articles, as indicated by the proofs, the mortgage covered about seven-twelfths of the insured property, while five-twelfths were clear. The trial court treated this situation as if there had been a representation in the application to the effect that the property was unincumbered, and as if the question then arose, under the Kentucky statute, whether this misrepresentation was fraudulent or material. We do not see that materiality in that sense (of representation) was in issue. The doubt must be whether the policy became void by breach of condition subsequent (or contemporaneous). Hence the question must be whether the breach which did occur was the stipulated forfeiture-breach. The only matter of materiality that could be open would be as to whether the actual breach was so trifling or negligible as not to be the breach contemplated by the contract; this is quite a different question from the one which was submitted to the jury, and which was whether by the incumbrance the risk was so much increased that the insurer, if it had been informed, would not have issued the policy. It was not open for the jury to say that a mortgage upon seven-twelfths of the insured property, even though the items could be segregated, was not a breach of the condition that there should be no mortgage upon it, and it was error to submit that question to the jury.[1]

[3] The insured now insists that the last specified defense should not be permitted to prevail, because the agent who wrote the policy had full knowledge of the existence of this mortgage, and, since he was the agent of the insurance company (Ky. Stats. § 633), it had his knowledge and is estopped to make this defense (Masonic Life v. Robinson, 149 Ky. 80, 147 S. W. 882, 41 L. R. A. [N. S.] 505). In Hartford Ins. Co. v. Nance (C. C. A.) 12 F.(2d) 575, we considered a question which, except for divisibility of property, was the same as the one just stated. We there cited the pertinent decisions, and felt constrained to follow what we thought was the rule of the Supreme Court of the United States upon a question of general law, rather than the state decisions not involving a statute. We must now adhere to that conclusion. It is evident here, as it was in that case, that, if the testimony for the insured is true, they are entitled in equity to a reformation of the contract, on the ground of mistake or fraud, and that they thereby may escape the otherwise harsh result.

The judgment must be reversed, and the case remanded for further proceedings.

---

[1] An examinaton of all the Kentucky cases cited in the compiler's note to section 639 (to 1924), and those cited in the later case of Queen Co. v. Cummins, 206 Ky. 300, 267 S. W. 144, does not disclose any such clear and settled rule about the effect of an undisclosed incumbrance as would enable us satisfactorily to follow it, even if it were not a matter of general law. As to materiality, see, also, our discussions in New York Life v. Goerlich (C. C. A.) 11 F. (2d) 838, 841, and in Columbian Ins. Co. v. Harrison (C. C. A.) 12 F.(2d) 986, 988.