# Queen Insurance Company v. Miracle.
# New York Underwriters' Insurance Co. v. Same.

(Decided March 14, 1933.)

HITE H. HUFFAKER and HIRAM H. OWENS for appellants.
TUGGLE & TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On March 3, 1926, the New York Underwriters' Insurance Company insured against fire in the sum of $500 the residence G. W. Miracle was erecting in the city of Barbourville. On March 30, 1926, the Queen Insurance Company of America issued him a $1,000 fire policy on the same building. The residence having been destroyed by fire, Miracle brought separate suits to recover on the policies. The cases were heard together, and at the close of plaintiff's evidence the court sustained the motion of each of the defendants for a peremptory instruction. The action of the court was predicated on the theory that in each instance the insured had taken out additional insurance contrary to the provisions of the policies. On appeal it was held that other insurance was permissible where the fire policy contained on the first page "Other insurance permitted," and on the second page a provision that the policy should be void if other insurance was procured, and the judgments were reversed and the cause remanded for a new trial in conformity with the opinion. Miracle v. New York Underwriters' Insurance Co., 241 Ky. 406, 44 S. W. (2d) 280.

On the return of the case it was stipulated by the parties that there were only two issues: (1) Whether or not there was issued to the plaintiff a policy by the New Hampshire Fire Insurance Company; (2) whether the destruction of the building was caused by the wanton and negligent conduct of the plaintiff or his agents,

or those acting by or through him. The trial court held the evidence insufficient to take the first issue to the jury, but submitted the second issue by appropriate instructions. From a verdict and judgment in favor of plaintiff, the insurance companies appeal.

The policies in question contained the following provision:

"This Company shall not be liable under this policy for a greater proportion of any loss on the described property or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not."

The defense was that at the time of the fire there was outstanding a $2,000 policy issued by the New Hampshire Fire Insurance Company on the same property, and that each of the companies was only liable for its pro rata share of the insurance amounting to $3,500. On the question, whether the New Hampshire policy was issued, the companies introduced evidence to the effect that Miracle brought suit on the policy and alleged that it was issued and delivered, but that the suit was thereafter dismissed. On the other hand, it was shown by both Miracle and W. R. Lay, the local agent of the New Hampshire Fire Insurance Company, that Miracle said to him that, in case he got a loan from the Louisville Title Company, he would want $2,000 additional insurance, and would pay Lay the premium, and would take up the other two policies. Thereupon Lay wrote a policy for $2,000 in the New Hampshire Fire Insurance Company. Nothing further was heard about the loan from the Louisville Title Company, and Miracle did not pay the premium. The policy remained in Lay's possession, and was never delivered to Miracle, but was returned to the company, whether before or after the fire, Lay did not remember. As the uncontradicted evidence shows that Miracle intended to take out the insurance only in the event that the loan was obtained from the Louisville Title Company, and as the loan was never obtained, nor the premium paid, nor the policy delivered, it is at once apparent that the $2,000 policy in the New Hampshire Fire Insurance Company was never in force. It follows that the trial court did not err in holding as a matter of law

that the New Hampshire policy was never issued to Miracle.

Another contention is that the court erred in refusing to permit appellants to show that some time prior to the fire in question Miracle had collected $500 insurance on a barn that had been destroyed by fire and $1,300 on a house that had been destroyed by fire. If the offered evidence had been accompanied by other evidence tending to show that Miracle himself burned the barn or the house, it might be that the evidence would have been admissible as showing a plan or scheme on his part to destroy his own property and collect the insurance thereon. But that is not the case. The mere fact that one within a period of four or five years has had two fires, and collected the insurance on the property destroyed, does not tend in the least to show that he set fire to the property in question. If such were the rule, it would place under suspicion all who had ever had fires and collected the insurance. Therefore we are constrained to hold that the offered evidence was properly excluded.

On the whole, we find no error in the record prejudicial to appellants' substantial rights. The judgment is affirmed in each case.