AMERICAN INSURANCE COMPANY OF NEWARK, N. J., v.
W. T. ROBINSON.
163 So. 17.
Opinion Filed August 29, 1935.

*Sutton, Tillman & Reeves,* for Plaintiff in Error;
. *Harrison E. Barringer,* for Defendant in Error.

DAVIS, J.—This was a suit at law wherein W. T. Robinson sued the American Insurance Company on a $3,000.00 policy of fire insurance issued on a building alleged to have been completely destroyed by fire under circumstances making the insurer liable for the full amount of the insurance. Verdict was directed in plaintiff's favor and from the judgment entered thereon the Insurance Company has prosecuted this writ of error.

. The case went to trial on defendant's sixth and tenth original pleas and three additional pleas. To defendant's . pleas 1, 2, 3, 4, 5 and 7 demurrer was sustained, while plaintiff's motion to strike was granted as to the pleas 8 and 9. Since the Court's rulings on some of the pleas are determinative of the present writ of error, no other questions will be discussed in this opinion save the pleadings in question considered in the light of the attaacks directed against their sufficiency.

The defendant's sixth plea denied that plaintiff was indebted to one Armstrong, as mortgagee, in the amount set forth in the declaration, or any other amount, the declaration having alleged that a mortgage clause attached to the policy of insurance made the loss payable to said Armstrong as mortgagee, to the extent of his interest which was alleged to be $950.00, plus 8% interest from February 23, 1932. The first additional plea averred that the condition of the insurance voiding the plaintiff's policy, if the insured's interest was other than absolute ownership, had been breached in that plaintiff held only the naked legal title and that the sole ownership was in others than the plaintiff.

The second amended plea averred that plaintiff had breached the conditions of his policy in that he had concealed a material fact by not revealing that he was not the sole owner but merely held the naked legal title to the insured property. The third amended plea averred that fraud had been committed by the plaintiff in the procurement of his policy of insurance in that parties other than plaintiff were the beneficial owners, and that the beneficial owners had a record of previous fires and that plaintiff had connived with the beneficial owners to defraud defendant by inducing the insurance company to issue a policy of insurance that it would not have issued to the beneficial owners directly. As has been heretofore stated, the trial of the cause in the Court below was confined entirely to the defendant's sixth and tenth pleas, together with the three additional and amended pleas hereinabove summarized.

We pass now to a consideration of the defendant's other pleas to which either demurrers were sustained or motions to strike granted, in order that we may determine whether or not error was committed by the trial court in depriving the insurance company of a defense, which, under the law, it was entitled to insist upon and assert.

Under Florida's valued policy laws, Sections 6240-6241 C. G. L., 4281-4282 R. G. S., the value of a fire insurance policy, upon total loss by fire or lightning, must be paid to the insured. These statutes, however, do not preclude defenses based on criminal conduct of the insured or upon his affirmative fraud in procurement of insurance. Hartford Fire Ins. Co. v. Redding, 47 Fla. 228, 37 Sou. Rep. 62.

In an attempt to invoke the doctrine of the case just cited, the defendant's first and second pleas set up as a defense that the insured dwelling was infected with "termites" or "dry rot," at or before the issuance of plaintiff's policy

and/or that after the issuance of said policy that the insured dwelling became so infected.

There was no allegation in the first and second pleas of fraud or concealment on plaintiff's part in connection with the alleged condition of "termites" or "dry rot," hence the insurer cannot now be permitted to avoid its contract of insurance when it is admitted by the pleas in question that the condition of which it now complains existed at the inception of its contract and could readily have been ascertained by it had it caused to be made an inspection of the insured property.

As to defendant's second plea of depreciation by reason of "termites" or "dry rot" attacking the property insured after the policy of insurance was issued, the law is that valued policy statutes, such as ours, will not permit a reduction of the amount of insurance specified in the policy by reason of depreciation in value caused by use, decay, accident, casualty, or otherwise, where such change arises from a supervening cause occurring subsequent to the issuance of the policy and the allowance of such reduction will not amount to a change of the value fixed by the parties pursuant to the statute at the time the contract of insurance was issued. Sixth Cooley's Briefs on Insurance, 501. In this case, however, the property was valued at $3,000.00 at the time of the issuance of the insurance and no fraud in procurement of the contract was set up in either the first or second pleas. So the demurrer to each of said pleas was properly sustained in a case where it appeared that the entire building had been lost and there was no supervening cause alleged to take anything of value away from it and save it from the fire so as to entitle the insurer to credit for the amount of the saving.

Demurrer was sustained to the third plea, which alleged

that after the issuance of the policy the risk was increased without defendant's consent in that plaster was removed from the walls which was or should have been known to plaintiff. The plea does not allege that the plaster remained off the walls at the time of the fire or that plaintiff, after having learned of the falling plaster, failed to make the necessary repairs.

The provision in the policy relative to payment of increased premiums for an increased hazard contemplates a new use of the premises not in contemplation of the parties when the policy of fire insurance was written. Where the subject of fire insurance is a dwelling house the mere falling of plaster from the walls of the insured dwelling is no defense to an action on the policy of insurance, else many policies could thus be avoided under circumstances not contemplated by the contract of the parties as being a ground of such avoidance.

The fourth plea alleges concealment of the fact that the insured building was infected with "termites" or "dry rot," and that the plaintiff at the time of the issuance of the policy had full knowledge thereof or should have had. There was no allegation in the plea that insured had reason to believe that the existence of "termites" or "dry rot" in his dwelling was a fact material to the risk and so knowing that he failed to make a disclosure of such condition, with intent to fraudulently procure the insurance, nor does it appear that the insured failed to make such disclosure when inquired of by the insurer under such circumstances as to make it the insured's duty to disclose to the insurer the existence of such "termites" or "dry rot."

"Whether or not inquiry is made by the company, the insured is not bound to disclose a fact, unless it is material and he has reason to believe that it is material." 3 Cooley's

Briefs on Insurance, 1974, and cases there cited. A fire insurance policy will not be forfeited for concealment, where the insurer makes no inquiry, unless the concealed matter was fraudulently concealed. Queen Insurance Co. v. Cummins, 206 Ky. 300, 267 S. W. Rep. 144. So the fourth plea was faulty and a demurrer thereto was properly sustained.

The fifth plea alleged that the increased hazard of "termites" or "dry rot" was without the knowledge and consent of the insurance company and within the knowledge and consent of plaintiff. A demurrer to this plea was sustained.

Under the circumstances set forth in the fifth plea there was no legal avoidance of liability on the policy. "A provision exempting the insurer from liability on a change without its consent has reference only to a change produced by the act of the insured; such a change as the company could consent to, upon the application of the insured, and not to one occasioned by accident or a cause over which the insured had no control." 14 R. C. L. 1145, Sec. 327.

Contained in the policy of fire insurance sued on was a specific provision voiding the policy, "in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss." Under this provision, if after loss, any false answer is to any matter or fact material to the inquiry is knowingly and wilfully made, it is fraudulent and the intention to deceive the insurer is necessarily implied. Claflin v. Commonwealth Ins. Co., 110 Y. S. 81, 3 Sup. Ct. Rep. 507, 28 L. Ed., 76; Columbia Ins. Co. v. Modern Laundry, Inc., 277 Fed. 355.

The seventh, eighth and ninth pleas were based upon the provision of the policy stating that it shall be void in case of false swearing by the insured before or after loss. The seventh plea says that Robinson swore falsely in September,

1932 (which was after the fire), in stating that the building was in good condition at the time of the fire when as a matter of fact it had been damaged by "dry rot" of which Robinson knew or should have known. The eighth plea alleges that on the same date Robinson swore falsely in stating that he had loaned $2500.00 to some one who had given him notes and mortgage as a security. The ninth plea alleges that on the same date he swore falsely in stating that he had accepted land to liquidate the $2500.00 loan, which land had been traded for a boat, which in turn he traded for the house which burned, and that Robinson made these false statements to mislead the company as to the value of the house. Demurrer as to the seventh plea was sustained and a motion to strike was granted as to the eighth and ninth pleas.

Under the terms of a fire insurance policy providing that: "That entire policy shall be void * * * in case any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss," it is competent for the insured to defend an action on the policy by showing that assured was guilty of false swearing in violation of the foregoing provision, by pleading that after loss, the assured deliberately made false statements as to the value of the property insured, in an attempt to have the company voluntarily pay the loss in full.

When a plea to the merits is of such nature that under it a defense to the action may be proved, the plea is good as against a demurrer or motion to strike directed thereto and such motion or demurrer to strike should not be sustained. McDaniel v. Harrell, 81 Fla. 66, 87 Sou. Rep. 631, 13 A. L. R., 1333.

The policy sued on in this case gave the company the right, after loss, to call upon the assured to make such dis-

closures to it in response to its investigation of a claim being asserted against it under the policy, as would enable the company to determine the origin of the fire and fix the company's liability to pay the insurance.

By means of such an inquiry, the company is entitled to ferret out during its examination of the assured, any possible motive the insured may have had to burn the insured property. And upon such an examination, it is the duty of the insured to truthfully state the facts about which he makes answers, and to disclose whether or not the insured property was of the value he represented as the basis for the insurance he obtained on it. Such inquiry is pertinent and permissible, not on the theory that an over valuation under our valued policy situate can *per se* constitute a defense, but on the theory that it may afford proof of a motive for incendiarism in the burning of the insured propery, which will enable the insurer to pursue its investigation further along that line, if it deems the effort worth while.

As against the attacks made upon them, each of the pleas 7, 8 and 9 should have been allowed to stand, because each set up in issuable form matter which might have been a valid defense to plaintiff's action within the purview of the provision of the policy avoiding it on the ground of fraud or false swearing by the insured touching a matter relating to the subject of the insurance.

But under these pleas the burden of proof should be upon the insurance company to show that when examined the insured knowingly and wilfully made a false answer concerning some matter of fact as to which he knew or was apprised was material to the inquiry being made by the insurance company.

It follows from what has been said that for the errors

of the trial court in eliminating pleas 7, 8 and 9 the judgment must be reversed and the cause remanded for a new trial. Such reversal of the judgment makes it unnecessary to pass upon the other questions not hereinbefore discussed in this opinion although properly presented on this writ of error.

Reversed and remanded for further proceedings not inconsistent with this opinion.

WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concur.