967 So.2d 815 (2007)
FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, Petitioner,
v.
Eugene A. COX, et al., Respondents.
No. SC06-2494.
Supreme Court of Florida.
September 20, 2007.
Elliot H. Scherker, Elliot B. Kula, and Daniel M. Samson of Greenberg Traurig, P.A., Miami, FL, and Mark J. Upton of Daniell, Upton, Perry and Morris, P.C., Daphne, AL, for Petitioner.
Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, FL, and Gregory M. Shoemaker of Schofield, Wade, Roane and Shoemaker, P.A., Pensacola, FL, for Respondents.
G. Alan Howard and Robert M. Dees of Milam, Howard, Nicandri, Dees, and Gillam, P.A., Jacksonville, FL, on behalf of Citizens Property Insurance Corporation.
Elizabeth McArthur, David A. Yon and Travis L. Miller of Radey, Thomas, Yon, and Clark, P.A., Tallahassee, FL, on behalf of American Insurance Association, National Association of Mutual Insurance Companies, and Property Casualty Insurers Association of America.
Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, FL, on behalf of State Farm Florida Insurance Company.
Charles F. Beall, Jr. of Moore, Hill and Westmoreland, P.A., Pensacola, FL, on behalf *817 of Helping Hands Legal Center, As Amici Curiae.
WELLS, J.
This case is before the Court for review of the decision of the First District Court of Appeal in Florida Farm Bureau Casualty Insurance Co. v. Cox, 943 So.2d 823 (Fla. 1st DCA 2006). In its decision, the district court ruled upon the following question, which the court certified to be of great public importance:
DOES SECTION 627.702(1), FLORIDA STATUTES (2004), REFERRED TO AS THE VALUED POLICY LAW, REQUIRE AN INSURANCE CARRIER TO PAY THE FACE AMOUNT OF THE POLICY TO AN OWNER OF A BUILDING DEEMED A TOTAL LOSS WHEN THE BUILDING IS DAMAGED IN PART BY A COVERED PERIL BUT IS SIGNIFICANTLY DAMAGED BY AN EXCLUDED PERIL?
Fla. Farm Bureau, 943 So.2d at 847. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons explained below, we answer the certified question in the negative and quash the decision of the First District below.

FACTS
On September 16, 2004, Hurricane Ivan struck the Florida Panhandle. The Coxes' home was considered a total loss and suffered both wind and flood damage. The Coxes had a homeowners' policy valued at $65,000 with Florida Farm Bureau Casualty Insurance Company (Florida Farm Bureau), which provided protection from losses caused by wind damage but did not include losses based on flood damage.[1] The Coxes made a policy limits demand of $65,000, plus additional coverage for personal property and other additional provisions for a total of $117,000. Florida Farm Bureau inspected the home and asserted that the wind caused $11,583.93 of the damage to the home, the storm caused an additional $3,227.14 worth of damage to other structures, and the Coxes were entitled to $2000 for living expenses. After tendering all amounts it claimed that it owed to the Coxes under the policy, Florida Farm Bureau filed a complaint to seek declaratory relief, asserting that the loss was caused primarily by flooding. The Coxes counterclaimed for breach of contract and a violation of the Valued Policy Law (VPL). The Coxes filed a motion for judgment on the pleadings, relying on Mierzwa v. Florida Windstorm Underwriting Ass'n, 877 So.2d 774 (Fla. 4th DCA 2004). After reviewing the facts to which both parties admitted, the trial court granted the Coxes' motion, finding that "the holding in Mierzwa is controlling and binding" and that under Mierzwa's interpretation of the VPL, the VPL does not require that a covered peril be the peril causing the entire loss so long as a covered peril caused some of the loss. Florida Farm Bureau appealed this decision to the First District Court of Appeal.
On appeal, the First District reviewed the statute and the Mierzwa decision, and in a split decision (with Judge Polston dissenting), adopted Mierzwa's interpretation of the statute:

*818 The meaning of the VPL is simple and straightforward. There are two essentials in the statute. The first is that the building be "insured by [an] insurer as to a [e.s.] covered peril." § 627.702(1). The second is that the building be a total loss. If these two facts are true, the VPL mandates that the carrier is liable to the owner for the face amount of the policy, no matter what other facts are involved as to the cost of repairs or replacement. That is to say, if the insurance carrier has any liability at all to the owner for a building damaged by a covered peril and deemed a total loss, that liability is for the face amount of the policy.
Fla. Farm Bureau, 943 So.2d at 827 (quoting Mierzwa, 877 So.2d at 775-76). The court further held that "[n]othing in the statutory language limits the VPL's application to cases in which a solitary covered peril is the sole cause of the loss." Id. at 828. After holding that this is the clear statutory directive, the court undertook a detailed analysis as to why courts are without the power to modify a statute's express terms. The First District then reviewed recent legislative enactments to the statute, which were not retroactive, the historical purpose of the VPL and prior case law addressing the VPL, and the effect of the insurance contract upon the statute. The court granted Florida Farm Bureau's motion for certification of the above issue; rehearing and rehearing en banc were denied. Id. at 847.

ANALYSIS
The VPL has been a part of Florida law since 1899, requiring insurers to set the value of property which was insured if a total loss occurred.[2] Originally, the VPL applied to damages caused only from fire and lightning. In 1982, the Legislature extended the VPL to all covered perils,[3] and this version remained essentially the same until 2005.[4]
The 2004 version of the VPL, which is at issue in this case, provides:
(1) In the event of the total loss of any building, structure, mobile home as defined in s. 320.01(2), or manufactured building as defined in s. 553.36(12), located *819 in this state and insured by any insurer as to a covered peril, in the absence of any change increasing the risk without the insurer's consent and in the absence of fraudulent or criminal fault on the part of the insured or one acting in her or his behalf, the insurer's liability, if any, under the policy for such total loss shall be in the amount of money for which such property was so insured as specified in the policy and for which a premium has been charged and paid.
§ 627.702(1), Fla. Stat. (2004). A plain reading of the statute in its 2004 form shows that the statute intended only to set the value of the property insured by the policy in order to conclusively establish the property's value when there is a total loss. Under the VPL, an insurer cannot challenge the value of property after a loss has occurred.
However, the statute's requirement that the value of the property be the amount set out on the face of the policy is not the issue in this case. Florida Farm Bureau is not asserting that the value of the property it agreed to insure is less than the $65,000 set forth in the parties' contract. Instead, Florida Farm Bureau asserts that it is not liable for the total loss of the home because the covered peril (wind damage) only caused $11,583.93 of the damage to the home; the remaining loss was caused by flood damage and storm surge, which were explicitly excluded perils. The Coxes, on the other hand, allege that the VPL requires Florida Farm Bureau to pay the full face value of the policy. Based upon the reasoning of Mierzwa, the Coxes argue that if the property is a total loss from a combination of perils which are covered and perils which are not covered under a policy, the VPL requires the insurer to pay the face amount of the policy, regardless of what portion of the total loss was caused by the covered peril. As stated above, a majority of the First District decided that the plain language of the 2004 statute required the construction of the statute in accord with the construction by the Fourth District in its Mierzwa decision.
The First District held that the VPL did more than mandate that the value of property set forth in the insurance policy is uncontestable. The district court construed the VPL to require the insurer to pay the value set forth in the policy even if a peril covered by the policy did not cause the total loss of the property.
Judge Polston dissented, stating:
I agree with the majority's statement of its holding that "the VPL forecloses an insurer's challenge to the measure of damages in the event of a total loss." Although I agree with the ruling as stated, the majority does not stop there. Instead of treating the VPL as only a valuation statute as plainly stated by the Legislature, the majority opinion aligns this court with the Fourth District Court of Appeal in Mierzwa by reading into the statute a requirement for the insurer to pay for damages caused by both excluded and covered perils. "Causation" is not mentioned in the statute. Because it is not mentioned, the statute has no application other than to conclusively establish the property's value when there is a total loss. Therefore, the unambiguous terms of the policy must be given effect.
Fla. Farm Bureau, 943 So.2d at 837 (Polston, J., dissenting). We agree with Judge Polston.
As the First District correctly noted, the statute is to be given its plain meaning. See Tillman v. State, 934 So.2d 1263, 1269 (Fla.2006) ("When the language is unambiguous and conveys a clear and definite meaning, that meaning controls unless it leads to a result that is either unreasonable or clearly contrary to legislative intent."). In applying this rule, courts derive legislative intent "from the words *820 used without involving incidental rules of construction or engaging in speculation as to what the judges might think that the legislators intended or should have intended." V.K.E. v. State, 934 So.2d 1276, 1286 (Fla.2006) (quoting Tropical Coach Line, Inc. v. Carter, 121 So.2d 779, 782 (Fla. 1960)). Accordingly, "the statute's text is the most reliable and authoritative expression of the Legislature's intent." V.K.E., 934 So.2d at 1286.
Contrary to the conclusion of the district court, we do not find that the plain language of the statute intends that if a covered peril causes part of a total loss, that the insurer is mandated to pay for the total loss. Of particular importance, the VPL does not mention causation. Section 627.702 does not establish any requirement for an insurer to pay for excluded or noncovered perils. We read the plain language of the statute not to reasonably support such an interpretation. The beginning phrase states: "In the event of the total loss . . . as to a covered peril. . . ." § 627.702(1), Fla. Stat. (2004) (emphasis added). Throughout section 627.702(1), the Legislature repeatedly relies upon the terms of the parties' insurance contract and discusses only covered perils. Section 627.702(1) explicitly states that "[i]n the event of the total loss of any building . . . insured by any insurer as to a covered peril . . ., the insurer's liability, if any, under the policy for such total loss shall be in the amount of money for which such property was so insured as specified in the policy and for which a premium has been charged and paid." § 627.702(1), Fla. Stat. (2004) (emphasis added).
Based upon this plain language of the statute, we conclude that the statute intends that an insurer is liable for a loss by a peril covered under the policy for which a premium has been paid. The First District's majority fails to give effect to this plain statutory language.
Our holding today is consistent with our prior case law addressing the VPL. Shortly after the 1899 adoption of the VPL in Florida, this Court reviewed the statute to determine whether the act was unconstitutional because it impermissibly confined an insurer's defenses. See Hartford Fire Ins. Co. v. Redding, 47 Fla. 228, 37 So. 62 (1904). As this Court recognized from the beginning, the VPL was intended only to set the valuation of the insured property:
The statute requires the insurer to fix the insurable value of the building, and to specify such value in the policy, and the measure of damages in case of total loss is fixed at the amount mentioned in the policy upon which a premium is paid. The statute does not undertake to deprive the insurer of any proper defense it may have to an action upon the policy, except in respect to the measure of damages and the authority of certain agents. Its principal object and purpose is to fix the measure of damages in case of loss total, or partial; and, to this end, it requires the insurer to ascertain the insurable value at the time of writing the policy, and to write it therein.
Id. at 65.
In support of its decision, the First District's majority opinion cites to American Insurance Co. of Newark, N.J. v. Robinson, 120 Fla. 674, 163 So. 17 (1935). We do not agree that Robinson supports the First District's decision. In Robinson, we reaffirmed the principle that the VPL prohibits an insurer from challenging whether the value of the insured property is less than the full amount of coverage as stated in the policy based on depreciation in value or any other cause. In Robinson, the plaintiff sued his insurance company for payment on a $3000 fire insurance policy after a fire completely destroyed the insured building. Robinson, 163 So. at 19. The insurer raised numerous defenses as *821 to why it should not be liable for the full amount, including the allegation that either before or after issuance of the policy, the insured dwelling became infected with termites or dry rot. This Court denied this defense, noting that the insurer did not contend fraud or concealment by the insured in respect to the value of the property. Therefore, the insurer could not avoid the amount set forth in the contract by complaining about a condition which existed at the inception of the contract and which it could have ascertained if the insurer had inspected the property. Id. Next, we rejected the insurer's claim of "depreciation by reason of `termites' or `dry rot,'" holding that Florida's VPL "will not permit a reduction of the amount of insurance specified in the policy by reason of depreciation in value caused by use, decay, accident, casualty, or otherwise, where such change arises from a supervening cause occurring subsequent to the issuance of the policy." Id.[5] In Robinson, the insurer was attempting to contest the value of the property since there was no issue that a covered peril caused the loss of the property. Here the insurer is not contesting the value of the propertyinstead, it is contesting whether it is liable for the entire loss when the covered peril alone did not cause a total loss but was only responsible for a relatively small amount of the damage.
The First District's majority relies on Springfield Fire & Marine Insurance Co. v. Boswell, 167 So.2d 780 (Fla. 1st DCA 1964), and Netherlands Insurance Co. v. Fowler, 181 So.2d 692 (Fla. 2d DCA 1966). We do not find that these cases deal with the issue in this case. Rather, in both of the cases, the decisions found coverage because the losses were caused by a covered peril for which a premium was charged and paid.
Finally, the court below relied significantly on the Fourth District's decision in Mierzwa. We disapprove Mierzwa. In Mierzwa, as here, the insured property was damaged by a combination of wind and water in a hurricane. The insurer asserted that it was responsible for the percentage of the total loss attributable to wind. The insurer did not contest the total value of the property. We find that the Fourth District misconstrued the VPL in holding that "if the insurance carrier has any liability at all to the owner for a building damaged by a covered peril and deemed a total loss, that liability is for the face amount of the policy." Mierzwa, 877 So.2d 775-76. As addressed above, we conclude that this holding in Mierzwa was not the intended application of the VPL and did not give effect to all provisions of the VPL statute.[6]

CONCLUSION
For the reasons discussed above, we answer the certified question in the negative, quash the decision of the First District below, and remand the case for further proceedings. We disapprove the decision in Mierzwa.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The policy excluded water damage as follows:

SECTION I  EXCLUSIONS
1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
. . . .
c. Water Damage, means:
(1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
The Coxes did not carry flood insurance as to the property at issue.
[2] Specifically, section 2 of chapter 4677 provided as follows:

In case of the total loss of the property insured the measure of damage shall be the amount upon which the insured paid a premium, and, in case of partial loss, the measure of damage shall be such part of the amount upon which premiums are paid as the damage sustained is part of the insurable value of the building or structure as fixed by the agent of the insurer, and the insurers shall be estopped from denying that the property insured was worth at the time of insuring the amount of the insurable value as fixed by the agent.
Ch. 4677, § 2, Laws of Fla. (1899).
[3] Section 539 of chapter 82-243, Laws of Florida, amended the VPL as follows:

(1) In the event of total loss by fire or lightning of any building or structure or mobile home as defined in s. 320.01(2) or manufactured building factory built housing as defined in s. 553.36 (11) (4) located in this state and insured by any insurer as to a covered peril such perils, in the absence of any change increasing the risk without the insurer's consent and in the absence of fraudulent or criminal fault on the part of the insured or one acting in his behalf, the insurer's liability, if any, under the policy for such total loss shall be in the amount of money for which such property was so insured as specified in the policy and for which premium has been charged and paid.
Ch. 82-243, § 539, Laws of Fla.
[4] In 2005, after Mierzwa was released, the Legislature amended the VPL, expressly providing that "when a loss was caused in part by a covered peril and in part by a noncovered peril, paragraph (a) does not apply. In such circumstances, the insurer's liability under this section shall be limited to the amount of the loss caused by the covered peril." § 627.702(1)(b), Fla. Stat. (2005).
[5] Contrary to the First District's interpretation of this case, our decision in Robinson does not determine whether an insurer must pay for excluded perils which allegedly contributed to the loss. In Robinson, the fire, which was a covered peril, clearly caused the total loss.
[6] We limit our holding to only those cases in which a covered peril did not cause a total loss or constructive total loss.