979 So.2d 930 (2008)
STATE FARM FLORIDA INSURANCE COMPANY, Petitioner,
v.
Arnold A. ONDIS, et al., Respondents.
No. SC07-1349.
Supreme Court of Florida.
March 27, 2008.
Elizabeth K. Russo of the Russo Appellate Firm, P.A., Miami, FL, and Guy E. Burnette, Jr., Tallahassee, FL, for Petitioner.
James F. McKenzie of McKenzie and Hall, P.A., Pensacola, FL, for Respondents.
PER CURIAM.
We have for review State Farm Florida Insurance Co. v. Ondis, 962 So.2d 923 (Fla. 1st DCA 2007), in which the First District Court of Appeal certified the following question as one of great public importance:
DOES SECTION 627.702(1), FLORIDA STATUTES (2004), REFERRED TO AS THE VALUED POLICY LAW, REQUIRE AN INSURANCE CARRIER TO PAY THE FACE AMOUNT OF THE POLICY TO AN OWNER OF A BUILDING DEEMED A TOTAL LOSS WHEN THE BUILDING IS DAMAGED IN PART BY A COVERED PERIL BUT IS SIGNIFICANTLY DAMAGED BY AN EXCLUDED PERIL?
Id. at 926. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
At the time the First District issued its decision in Ondis, another of its decisions certifying the same question was already pending review in this Court. See Fla. Farm Bureau Cas. Ins. Co. v. Cox, 943 So.2d 823 (Fla. 1st DCA 2006), quashed, 967 So.2d 815 (Fla.2007). We therefore stayed the proceedings in this case pending disposition of Cox, in which we ultimately quashed the First District's underlying Cox decision and answered the certified question in the negative. See Fla. Farm Bureau Cas. Ins. Co. v. Cox, 967 So.2d 815 (Fla.2007). We then accordingly issued an order directing respondents to show cause why this Court should not exercise jurisdiction in the present case, quash the Ondis decision under review, and remand for reconsideration in light of our decision in Cox. Upon consideration of respondents' response and petitioner's reply thereto, we have determined to so proceed.
We thus grant the petition for review in the present case. The decision under review is quashed, and this matter is remanded to the First District Court for reconsideration upon application of this Court's decision in Cox. Petitioner's pending motion to lift stay and for leave to brief remaining issue is hereby denied.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.