VAN NORTWICK, J.
 

 Florida Farm Bureau Casualty Insurance Company appeals a final judgment entered in favor of Willis F. Mathis and Katherine W. Mathis which awards them the full policy limits of their Florida Farm homeowners policy. Florida Farm argues that the Mathises were impermissibly allowed a double recovery for their loss because previously they had been paid policy limits under their separate flood insurance policy. In response, the Mathises assert they introduced evidence, which the jury accepted, that the wind damage, a covered peril under their homeowners policy, caused a total loss or constructive total loss of their home, so that under Florida’s Valued Policy Law (VPL), section 627.702(1), Florida Statutes (2004),
 
 [1]
 
 they were entitled to recover their policy limits under the homeowners policy. For the reasons that follow, we affirm.
 

 The Mathises owned a two-story home in Navarre Beach when Hurricane Ivan struck in September 2004, causing substantial wind and flood damage to their home. The home was insured with a flood insurance policy with policy limits of $250,000, issued pursuant to the National Flood Insurance Program and administered by Southern Farm Bureau Casualty Insurance Company. The Mathises also insured the home with a Florida Farm homeowners policy with policy limits of $295,600, which covered windstorm damage among other perils. The homeowners policy excluded water damage due to “[fjlood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind.” Loss due to water damage was excluded “regardless of any other cause or event contributing concurrently or in any sequence to the loss.”
 

 After the hurricane, the Mathises received a letter from Santa Rosa County advising them that the damages to their home exceeded fifty percent of its value. As a result of this determination, the Mathises were required to apply for permits to repair and rebuild the home and new construction or repairs were required to be completed in accordance with current building code requirements. The elevation of the Mathises’ home, built in 1995, did not meet current code requirements. Because of the expense to rebuild the home pursuant to current codes and because the existing structure was deemed unsafe, the Mathises were left with no other choice but to demolish the home.
 

 The Mathises were paid the flood insurance policy’s full $250,000 policy limits less the deductible. Florida Farm tendered approximately $102,000 for wind damages
 
 *96
 
 under the homeowners policy. The Math-ises filed suit contending they were entitled to recover the full policy limits under the VPL. Florida Farm answered the complaint and filed a counterclaim for declaratory judgment. Florida Farm alleged that the Mathis home was not a total loss; that, even if it was, the loss was due to flood damage; and that allowing the Math-ises to recover the limits of the wind insurance would constitute unjust enrichment. Florida Farm did not assert set-off as a defense.
 

 This is the second appearance of this proceeding in this court. The trial court’s initial summary judgment in favor of the Mathises was reversed,
 
 Florida Farm Bureau Casualty Insurance Company v. Mathis,
 
 978 So.2d 856 (Fla. 1st DCA 2008), based upon the Supreme Court’s decision in
 
 Florida Farm, Bureau Casualty Insurance Company v. Cox,
 
 967 So.2d 815 (Fla.2007). On remand, the evidence showed that there was a water line inside the Mathis house four feet, two inches above the floor. The parties tried the case on the basis that damage to the house six feet and below was related to flood and damage above six feet was related to the wind.
 

 The Mathises filed a motion in limine seeking to prohibit Florida Farm from introducing any evidence of flood payments, arguing that they were trying the case based upon the damages associated by the covered peril of wind only and that evidence of flood payments would be immaterial, irrelevant, and prejudicial and would confuse the issues before the jury. The trial court ruled that it would allow evidence as to flood damages, but would not allow evidence as to the amount of the recovery under the flood policy. Florida Farm does not appeal the trial court’s ruling on the motion in limine.
 

 The Mathises’ home had not been appraised. At trial, Mr. Mathis estimated that it was valued between $400,000 and $410,000.
 
 [2]
 
 John Minor, a licensed general contractor who repairs buildings damaged by storms, testified as an expert for the Mathises. He performed an assessment of the cost to repair the damage to the second story and the damage above ten feet of the
 
 first
 
 floor. He estimated the cost to repair the wind damage at $325,548.10. He testified that the house was composed of approximately 3,000 square feet of living space and that restoration would cost $200 per square foot or approximately $500,000. The parties’ experts disagreed concerning whether the house had been substantially damaged by flood. During closing argument, the Mathises argued that their house was a constructive total loss and could not be repaired. Florida Farm argued that the house was not a total loss and that the second floor could have been repaired.
 

 The jury was instructed that its inquiry was limited “solely to the amount of wind damage legally caused to the Mathises’ residence and whether that wind damage caused a total loss either constructively or because of the cost to repair the damage.” The trial court instructed that a “constructive total loss” occurs when the home, “although still standing, is damaged to the extent that ordinances or regulations in effect require its demolition or prohibit or prevent [its] repair.” Regarding a total loss, the jury was instructed that a “total loss” occurs when “the cost to repair the damages due to a covered peril exceeds the pre-loss market value of the [home], less salvage value, so that it is not economically feasible that the property be repaired.” Finally, the jury was instructed
 
 *97
 
 that if they determined that a total loss did not occur, the VPL would not apply. Specifically, the jury instructions stated:
 

 If you determine that there was not a total loss to the dwelling, you must determine the total amount, up to 100 percent, of all damages caused by wind to the Mathis home. You should award ... an amount of money that the greater weight of the evidence shows will fairly and adequate compensate them for the damages legally caused by the peril of wind.
 

 There was no objection to the instructions.
 

 Thereafter, the jury returned a verdict answering “yes” to the question “[d]id the wind damages in this case amount to a constructive total loss of the property or to a total loss because the cost to repair exceeds the pre-loss market value of the building so that it is not economically feasible to repair the building.” The trial court entered a final judgment awarding the Mathises the policy limits less the payments already made by Florida Farm, together with prejudgment interest, for a total recovery of $262,406.30.
 

 On appeal, Florida Farm argues that the trial court committed fundamental error in failing to set off the amount paid under the flood insurance policy against the damages awarded under the homeowners policy. Although Florida Farm acknowledges that no case holds that failure to order a set off amounts to fundamental error, it contends that an award of damages which are not authorized by law constitutes fundamental error.
 
 Marks v. Delcastillo,
 
 386 So.2d 1259, 1268 (Fla. 3d DCA 1980). In response, the Mathises argue that set off is an affirmative defense that must be specifically pled,
 
 Givens v. Vaughn-Griffin Packing Co.,
 
 146 Fla. 575, 1 So.2d 714, 717 (1941), and is waived if not pled.
 
 Chambliss v. Benedikter,
 
 941 So.2d 589, 591 (Fla. 4th DCA 2006).
 

 We reject the argument of Florida Farm. Although this court has recognized that the purpose of a set off is to avoid duplication of benefits,
 
 Pate v. Renfroe,
 
 715 So.2d 1094, 1099 (Fla. 1st DCA 1998), “[i]t is the
 
 burden of the party seeking the set-off
 
 to prove the existence of an actual duplication of benefits in fact.”
 
 Id.
 
 (emphasis added). Further, even if the pleading requirement had been met in this case, there is no evidence in this record of an actual duplication of benefits.
 

 Florida Farm’s reliance upon the Florida Supreme Court’s decision in
 
 Florida Farm Bureau Casualty Insurance Company v. Cox
 
 is misplaced. In
 
 Cox,
 
 the Florida Supreme Court ruled that section 627.702(1), Florida Statutes (2004) was “intended only to set the value of the property insured by the policy in order to conclusively establish the property’s value when there is a total loss.” 967 So.2d at 819. In short, the VPL is simply a valuation statute.
 
 Id.
 
 The court ruled that under the statute, “an insurer is liable for a loss by a peril covered under the policy for which a premium has been paid.”
 
 Id.
 
 at 820. The Court in
 
 Cox
 
 rejected the Fourth District Court of Appeal’s decision in
 
 Mierzwa v. Florida Windstorm Underwriting,
 
 877 So.2d 774 (Fla. 4th DCA 2004), explaining:
 

 In
 
 Mierzwa,
 
 as here, the insured property was damaged by a combination of wind and water in a hurricane. The insurer asserted that it was responsible for the percentage of the total loss attributable to wind. The insurer did not contest the total value of the property. We find that the Fourth District misconstrued the VPL in holding that “if the insurance carrier has
 
 any
 
 liability at all to the owner for a building damaged by a covered peril and deemed a total loss, that liability is for the face amount of the policy.”
 
 Mierzwa,
 
 877 So.2d at 775-76.
 

 
 *98
 

 Id.
 
 at 821. Importantly, the Court expressly limited its holding “to only those cases in which
 
 a covered peril did not cause a total loss or constructive total loss.” Id.
 
 n. 6 (emphasis added).
 

 The express holding in
 
 Cox
 
 is not applicable here. At trial below, the Mathises introduced evidence, which the jury accepted, that the covered peril of wind caused a total loss or a constructive total loss of the Mathises’ home. We find instructive the reasoning in
 
 Workmen’s Mutual Insurance Company v. Bella Vista Hotel Apartments, Inc.,
 
 399 F.2d 693 (5th Cir.1968), in which the court affirmed a jury verdict finding coverage for wind damage and explained:
 

 Appellants claim that the loss was excluded by the provisions of the policy. Testimony, including expert opinion, was offered at trial as to the cause of the loss. The jury was instructed as to the exclusion provision of the policy. It was not unreasonable for the jury to find that the damages suffered were caused by wind and not by the excluded causes. There was evidence from which the jury could make this finding, (citations omitted).
 

 Even if we were to accept Florida Farm’s argument that the logical extension of
 
 Cox
 
 requires apportionment of cause when there is damage due to the perils of both wind and flood, the record before this court is not sufficient to decide this issue. Although there was evidence of flood damage introduced below, there is no evidence in the record as to the amount of flood damage and the jury was not asked to allocate what portion of the damage was caused by flood, which is a question of fact for the jury to determine. Further, the evidence of the total value of the property was not consistent — the house was insured for $295,600, but its value was estimated at approximately $410,000, and the Mathises’ expert, John Minor, testified it would cost approximately $500,000 to rebuild the house. There is no evidence in the record that supports Florida Farm’s argument that it should be allowed to set off the full $250,000 payment made pursuant to the flood policy against payment of policy limits under the homeowners policy. Thus, even if the set-off argument could be raised for the first time on appeal, “appellate review is only possible when resolution of the issues does not require factual determinations.”
 
 Fla. Auto. Dealers Indus. Benefit Trust v. Small,
 
 592 So.2d 1179, 1184 (Fla. 1st DCA 1992).
 

 AFFIRMED.
 

 LEWIS and ROWE, JJ., concur.
 

 [1]
 

 . Section 627.702(1) provides in pertinent part:
 

 In the event of the total loss of any building ... insured by any insurer as to a covered peril ..., the insurer's liability, if any, under the policy for such total loss shall be in the amount of money for which such property was so insured as specified in the policy and for which a premium has been charged and paid.
 

 [2]
 

 . Based on an estimated value of $400,000, it appears that the home was underinsured, an issue which was neither raised below nor addressed in this appeal.