IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NORMAN DAVID FREEMAN
and CHRISTY ANN FREEMAN,

      Appellants,

v.

AMERICAN INTEGRITY
INSURANCE COMPANY OF
FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1221

Opinion filed December 11, 2015.

An appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

Ty Tyler of Tyler & Hamilton, P.A., Jacksonville, for Appellants.

Kathryn L. Smith and Lissette Gonzalez of Cole, Scott, Kissane, P.A., Miami, for
Appellee.

LEWIS, J.

      Appellants, Norman David Freeman and Christy Ann Freeman, appeal a final

summary judgment entered in favor of Appellee, American Integrity Insurance

Company of Florida. Appellants argue that section 627.702, Florida Statutes (2008),

Florida's Valued Policy Law ("FVPL" or "VPL"), applied to their insurance claim, entitling them to recover the full policy limits for the total loss of their mobile home, or at least a genuine issue of material fact remained about its applicability. For the reasons that follow, we reverse the final summary judgment and remand for further proceedings.

### *Facts*

Appellee issued to Appellants a Dwelling Policy ("Policy") that was in effect from December 15, 2007, through December 15, 2008, and insured Appellants' mobile home against perils, including but not limited to vandalism or malicious mischief. The Policy limited the insurance proceeds for "Coverage A—Dwelling" to $86,640 and specified that the loss settlement would be based on replacement cost. The Policy also contained the following appraisal provision:

> If you and we fail to agree on the amount of loss, either may: . . . Demand an appraisal of the loss. In this event, each party will choose a competent appraiser within twenty (20) days after the receipt of a written request from the other. The two appraisers will choose a competent and independent umpire. If they cannot agree upon an umpire within fifteen (15) days, you or we may request that the choice be made by a judge of a court of record in the state where the 'residence premises' is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their difference to the umpire. A decision agreed to by any two will set the amount of the loss.

On December 5, 2008, Appellants' home was damaged as a result of burglary and vandalism. Appellants submitted a proof-of-loss statement and informed

2

Appellee of their belief that FVPL applied. In September 2010, Appellee invoked the appraisal provision of the Policy to resolve the dispute over the damages it owed to Appellants. In May 2011, Appellants filed suit against Appellee for breach of contract and declaratory relief, alleging in part that FVPL applied to their claim, entitling them to recover the full policy limits for the total loss of their mobile home.

Appellee filed a motion to dismiss and/or to abate and compel appraisal, wherein it argued in part that pursuant to the terms of the Policy, appraisal became a mandatory condition precedent to maintaining an action upon demand by either party. Appellee alleged that following its invocation of the appraisal provision, the parties conducted an appraisal and their independent appraisers agreed upon an award amount, which was to be set as the amount of the loss under the terms of the Policy, but Appellants' appraiser refused to sign the award. Appellee contended that Appellants' failure to complete the appraisal process was a failure of a mandatory condition precedent and required dismissal of the action; alternatively, Appellee asked the trial court to abate the prosecution of the case and compel Appellants to fully participate in the appraisal process provided for in the Policy. The trial court entered an order abating the action and compelling appraisal upon finding that Appellee properly invoked the appraisal provision prior to the filing of the lawsuit and that conducting an appraisal in accordance with the terms of the Policy became a mandatory condition precedent to maintaining the suit.

3

Subsequently, the appraisal was completed and the umpire's appraisal report/appraisal award letter stated:

> I along with Mr. Steve Schmitt and Mr. William E. Fisher, Jr., conducted a site interior and exterior inspection . . . .
>
> During the inspection all three of us agreed that due to the improvements condition, it is not economically feasible to make the necessary repairs to bring said into reasonable living condition. We agreed that the manufactured home is a total loss. We reviewed and discussed each gentleman's conclusions and reconciliation of estimated value.
>
> After my analysis of the improvements and Marshall & Swift residential manufactured home cost manual I agree with Mr. Schmitt's estimated replacement cost value less estimated non-recoverable depreciation of $46,496.88 as reasonable cash value of subject.

Appellee filed a motion for summary judgment on the ground that no dispute of law or fact existed about the inapplicability of FVPL; that the amount of insurance proceeds payable under the Policy was established at $46,496.88 by the appraisal process that was provided for by the Policy and ordered by the court; and that Appellee fulfilled its obligation by issuing a payment of $45,496.88, which represented the undisputed appraisal award minus the applicable deductible, to Chase Home Finance, LLC, the successor mortgagee of the subject property. Appellee argued in part that the appraisal provision of the Policy and the trial court's order compelling appraisal made FVPL inapplicable as a matter of law, that the appraisal process set the amount of loss recoverable and the appraisal provision of the Policy took precedence over the application of FVPL, and that Appellants failed

4

to present evidence in support of the applicability of FVPL, which was inapplicable on its face.

Appellants filed a response, disputing Appellee's contention that no genuine issue of material fact or law existed and FVPL did not apply, and arguing in part that they established a total loss and thus their automatic entitlement to the full policy amount under FVPL. Appellants attached to their response their appraiser's inspection report, which stated in part:

> The value under normal conditions would have been around $20,656.00 dollars for this year and model home. At this time the home has no value as a dwelling because it is uninhabitable. Every system has been destroyed such as plumbing, electrical, HVAC, HVAC ductwork, carpeting, interior walls, windows, doors both interior and exterior[,] [c]eilings, interior trim work, exterior siding and all interior furnishings. At this time without having the benefit of estimates from all of the disciplines involved that would be required to rebuild this home[,] I would speculate that the damages far exceed the value of the structure making it a total loss. I believe that damaged [sic] would exceed the $30,000.00 dollar plus range at this time.

The trial court entered a final summary judgment in favor of Appellee upon finding that "there are no material facts in dispute and summary judgment in favor of [Appellee] is appropriate as a matter of law." This appeal followed.

### *Analysis*

A trial court's order granting final summary judgment is reviewed *de novo* to determine whether there are genuine issues of material fact and whether the court properly applied the correct rule of law. Glaze v. Worley, 157 So. 3d 552, 553-54

5

(Fla. 1st DCA 2015) (explaining that even the slightest doubt about the existence of a genuine issue of material fact precludes summary judgment). Likewise, the *de novo* standard of review applies to an issue involving a question of statutory interpretation, as well as to a trial court's interpretation of an insurance policy provision. See Fortune v. Gulf Coast Tree Care Inc., 148 So. 3d 827, 828 (Fla. 1st DCA 2014); Citizens Prop. Ins. Corp. v. Ashe, 50 So. 3d 645, 650 (Fla. 1st DCA 2010).

The parties dispute whether FVPL applies. The statute provides in part as follows:

> (1)(a) In the event of the total loss of any building, structure, mobile home as defined in s. 320.01(2), or manufactured building as defined in s. 553.36(13), located in this state and insured by any insurer as to a covered peril, in the absence of any change increasing the risk without the insurer's consent and in the absence of fraudulent or criminal fault on the part of the insured or one acting in her or his behalf, the insurer's liability under the policy for such total loss, if caused by a covered peril, shall be in the amount of money for which such property was so insured as specified in the policy and for which a premium has been charged and paid.

§ 627.702, Fla. Stat. (2008) (emphasis added).

FVPL was originally enacted in 1899 "to promote clarity and predictability for property insurers and insureds alike by predetermining the value of insured real property and having that value set out in the policy of insurance." Ceballo v. Citizens Prop. Ins. Corp., 967 So. 2d 811, 813 (Fla. 2007). FVPL initially applied only to damages caused by fire and lightning; however, "[i]n 1982, the Legislature extended

6

the VPL to all covered perils, and this version remained essentially the same until 2005," when the Legislature amended it to provide for what happens when the loss was caused in part by a non-covered peril. Fla. Farm Bureau Cas. Ins. Co. v. Cox, 967 So. 2d 815, 818 (Fla. 2007).

The purpose of FVPL "is to fix the measure of damages payable to the insured in case of total loss," and the statute's plain language "requires an insurer to pay that amount listed on the face of the policy in the event of a total loss without the necessity of any additional proof of the actual value of the loss incurred." Ceballo, 967 So. 2d at 813-14. As the Florida Supreme Court has explained:

> [T]he VPL was intended only to set the valuation of the insured property: "The statute requires the insurer to fix the insurable value of the building, and to specify such value in the policy, and the measure of damages in case of total loss is fixed at the amount mentioned in the policy upon which a premium is paid. The statute does not undertake to deprive the insurer of any proper defense it may have to an action upon the policy, except in respect to the measure of damages and the authority of certain agents. Its principal object and purpose is to fix the measure of damages in case of loss total, or partial; and, to this end, it requires the insurer to ascertain the insurable value at the time of writing the policy, and to write it therein."

Cox, 967 So. 2d at 820 (quoting Hartford Fire Ins. Co. v. Redding, 37 So. 62 (Fla. 1904)); see also Fla. Farm Bureau Cas. Ins. Co. v. Mathis, 33 So. 3d 94, 97 (Fla. 1st DCA 2010) ("In short, the VPL is simply a valuation statute.").

Appellee argues that FVPL does not apply because the Policy contained an appraisal provision that it invoked, pursuant to which an appraisal panel rendered an

7

appraisal award that was binding on the parties. It is true that "'[a]ppraisal clauses are preferred, as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.'" First Protective Ins. Co. v. Hess, 81 So. 3d 482, 485 (Fla. 1st DCA 2011) (internal citation omitted). While courts are exclusively charged with determining issues of coverage, appraisers are charged with determining the amount of loss when an insurer admits to a covered loss and the parties disagree regarding the amount of the loss. Id.; see also Johnson v. Nationwide Mut. Ins. Co., 828 So. 2d 1021, 1022 (Fla. 2002) ("hold[ing] that causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed"); State Farm Fire & Cas. Co. v. Licea, 685 So. 2d 1285, 1287-88 (Fla. 1996) ("If a court decides that coverage exists, the dollar value agreed upon under the appraisal process will be binding upon both parties."); Citizens Prop. Ins. Corp. v. Demetrescu, 137 So. 3d 500, 502 (Fla. 4th DCA 2014) ("'Appraisal exists for a limited purpose—the determination of 'the amount of the loss.'") (Internal citation omitted).

That being said, any provision in a policy that conflicts with FVPL is "devitalized by it." Martin v. Sun Ins. Office of London, 91 So. 363, 365 (Fla. 1922); see also Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (noting that the trial court "could not have found the

8

appraisal clause to be unenforceable unless the clause violated either statutory law or public policy"); Fla. Farm Bureau Cas. Ins. Co. v. Cox, 943 So. 2d 823, 832-33 (Fla. 1st DCA 2006) (explaining that "insurance policies are deemed to incorporate applicable statutes, and conflicting policy provisions must give way" and that "[t]he VPL controls even when it conflicts with provisions of the insurance policy") (citing cases), decision quashed on other grounds, 967 So. 2d 815 (Fla. 2007); Magaldi v. Safeco Ins. Co. of Am., 07-80618-CIV-HURLEY, 2008 WL 4097697, at *1-3 (S.D. Fla. Sept. 2, 2008) (rejecting the insurer's argument that the appraisal award was binding on the insured as a matter of contract and limited the insurer's liability to that amount, and finding that "where a total loss is shown, actual or constructive, appraisal provisions are overridden by the terms of a valued policy statute"); 12 Couch on Ins. § 175:105 ("As under policies generally, under statutes providing that the amount of insurance written in a fire policy shall be taken to be the true value of the property, where the same is destroyed without fraud, such sum determines the amount of recovery in case of total loss, and the insured need not prove value. This is so even where the policy provides that, in case of a loss and disagreement in regard thereto, an appraisal shall be had to determine the loss; no appraisal is necessary to entitle the insured to the value of the policy."); 15 Couch on Ins. § 210:42 ("As a general rule, the sole purpose of an appraisal is to determine the amount of damage. As a consequence, an appraisal clause does not permit appraisers to determine

9

whether a loss was, in fact, total."). Additionally, "[w]here the terms of an insurance policy will bear two interpretations, that one will be adopted which sustains the claim for indemnity. . . . A contract of insurance prepared by an insurance company will be construed liberally as against the insured and strictly as against the company." Poole v. Travelers Ins. Co., 179 So. 138, 141 (Fla. 1937).

Thus, it is well-established that the purpose of FVPL is to fix the measure of damages in the event of a total loss at the face value of the policy and that FVPL controls over a contradictory policy provision. Accordingly, we reject Appellee's argument to the contrary and find that the Policy's appraisal provision and the appraisal panel's award did not preclude the applicability of FVPL. The parties also dispute whether a genuine issue of material fact existed about Appellants' home being a total loss. Not only did the umpire's appraisal award letter state that he and the parties' appraisers all agreed that the necessary repairs were not economically feasible and that Appellants' home was a total loss, but the record also contained Appellants' appraiser's inspection report, which described that "[e]very system has been destroyed such as plumbing, electrical, HVAC, HVAC ductwork, carpeting, interior walls, windows, doors both interior and exterior[,] [c]eilings, interior trim work, exterior siding and all interior furnishings" and concluded that "I would speculate that the damages far exceed the value of the structure making it a total loss." As such, we find that there remained a genuine issue of material fact as to

10

whether Appellants' home was an actual total loss, which precluded summary judgment.

### *Conclusion*

Therefore, we reverse the trial court's final summary judgment and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

THOMAS and ROWE, JJ., CONCUR.